## Commonwealth v. Graham

Before DiSalle, Gladden, and Simmons, JJ.

*Paul M. Petro,* Assistant District Attorney, for Commonwealth.

*Salvatore F. Panepinto,* Assistant Public Defender, for defendant.

DiSALLE, J. J., May 14, 1974.—This is before us on exceptions filed by the Commonwealth to an order by Sweet, P.J., making absolute the rule to show cause issued pursuant to defendant's motion to dismiss the charges against him.

While serving a sentence at Lewisburg Federal Penitentiary, defendant was notified that Washington County had lodged a detainer against him. On March 29, 1973, he requested that a final disposition be made of the indictment pending against him, pursuant to article III of the Interstate Agreement on Detainers Act of September 8, 1959, P. L. 829 (No. 324), sec. 1, (19 PS §1431.) This act provides that whenever a person has entered on a term of imprisonment, and there is pending against him in any other party State an untried indictment, he shall be brought to trial within 180 days after he requests that final disposition be made of the indictment.

On December 3, 1973, Judge Sweet issued a rule on the district attorney's office to show cause why defendant's case should not be dismissed because of its failure to meet the 180-day requirement.

The district attorney filed an answer contending that the 180-day period had not expired. This position was based on the argument that the Federal authori-

ties would not release defendant until July 12, 1973, when, it is claimed, he was sentenced, and that the act applies only to a person who has "entered upon a term of imprisonment." It is argued that, since defendant was not sentenced until July 12, 1973, this should be the effective date for the commencement of the 180-day period.

Under date of December 7, 1973, Judge Sweet made the rule absolute and dismissed the charges against defendant.

The Commonwealth does not dispute the fact that defendant was not brought to trial within six months of his request of March 29, 1973. However, it contends that at the time defendant filed his request, he had not "entered upon a term of imprisonment" because he had not yet been sentenced by the Federal authorities, but was being held in prison while awaiting sentence. In its supplemental brief, the Commonwealth provided us with a copy of the proceedings held on February 13, 1973, before the Hon. Joseph F. Weis, Jr., District Judge, in connection with the plea and sentencing of defendant on his Federal charges. The record shows that following the entry of his plea of guilty, the court said, "the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of 25 years and for a study as described in 18 U. S. C. A. 4208(c), the results of such study to be furnished this Court within 90 days, unless the Court grants further time not to exceed 90 days, whereupon the defendant shall be returned to this court *and the sentence of imprisonment herein imposed* shall be subject to modification in accordance with 18 U. S. C. A. 4208(b)." (Italics supplied.)

The Commonwealth argues that since the sentence was subject to modification, defendant's term of imprisonment did not commence at the time the afore-

said sentence was imposed. We do not so read Judge Weis' order. In addition, it is noted that this defendant had previously filed an application for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania at civil action no. 73-885. In his opinion and order of December 18, 1973, dismissing the petition, the Hon. Daniel J. Snyder, Jr., District Judge, noted that "petitioner was serving a sentence at Lewisburg Federal Penitentiary when, on March 27, 1973, he was notified that a detainer had been lodged against him by the District Attorney of Washington County, Pennsylvania." Obviously, the Federal courts considered that defendant was serving a term of imprisonment at that time.

In any event, under the provisions of the act aforesaid, the Commonwealth "for good cause shown" could have requested and received "any necessary or reasonable continuance." This it did not do. Accordingly, we dismiss the exceptions and affirm the order of Sweet, P.J., making the rule absolute. The indictment against this defendant is, therefore, dismissed.